UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL ALMEYDA, *et al.*, | Case No. 1:26-cv-00250-JLT-CDB |
| Plaintiffs, | ORDER DIRECTING PLAINTIFFS TO FILE MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM FOR C.A. OR A REPORT WHY SUCH MOTION IS NOT NECESSARY |
| v. | |
| COUNTY OF KERN, *et al.*, | ORDER DIRECTING PLAINTIFFS TO FILE MOTION TO PROCEED UNDER PSEUDONYM FOR C.A. OR A REPORT WHY SUCH MOTION IS NOT NECESSARY |
| Defendants. | |
| | (Doc. 1) |
| | **14-DAY DEADLINE** |

Plaintiffs Marisol Almeyda, Tony Scott, and C.A., by and through her purported guardian ad litem Marisol Almeyda (collectively, "Plaintiffs") initiated this action with the filing of a complaint against Defendants County of Kern ("County"), Logan Bebee, Nathan Lloyd, Daniel Pietrangelo, Ryan Smith, Erik Hallmark, Joanne Teel, Jackie Maxwell, Sabrina Neubauer, and Nicole Pockerandt (collectively, "Defendants") on January 12, 2026.  (Doc. 1).

**Order Directing Plaintiffs to File a Motion for Appointment of Guardian Ad Litem**

The complaint alleges that Plaintiff C.A., a minor child, proceeds in this action by and through her mother and purported guardian ad litem, Plaintiff Marisol Almeyda.  (Doc. 1 at 1-2); *see id.* ¶¶ 5, 7, 58.

1

Pursuant to Eastern District of California Local Rule 202,

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Local Rule 202(a) (citing Fed. R. Civ. P. 17(c)). Because the claims of minor Plaintiff C.A. may only be brought "by a next friend or guardian ad litem," a guardian must be appointed by the Court to protect the interests of the minor Plaintiff. *See* Fed. R. Civ. P. 17(c)(2). Although the complaint refers to Marisol Almeyda as the mother and purported guardian ad litem for C.A., as of the date of entry of this order, Plaintiffs have presented neither "appropriate evidence of the appointment of a representative for [the] minor or incompetent person under state law" or a motion in this Court for the appointment of a guardian ad litem for minor Plaintiff C.A.

Accordingly, as set forth below, the Court will order Plaintiffs to file either (1) evidence of the appointment of a guardian ad litem for minor Plaintiff C.A., or (2) a motion for the appointment of a guardian ad litem for minor Plaintiff C.A. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202.

**Order Directing Plaintiffs to File a Motion to Proceed Under Pseudonym**

As noted above, the complaint identifies Plaintiff C.A. as a "minor" that resides in the County of Kern. (Doc. 1 at 2); *see id.* ¶¶ 7, 58.

The default rule is that parties to an action in federal district court must identify themselves by their true names. However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against

2

the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

As Plaintiffs have not sought relief of Court for minor Plaintiff C.A. to proceed in this action under pseudonym, the Court finds it appropriate to direct Plaintiffs to either file a motion for Plaintiff C.A. to proceed pseudonymously in this action or a report indicating why a motion for C.A. to proceed pseudonymously is unnecessary.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **within 14 days** of entry of this order:

1. Plaintiffs shall file either (a) a motion for the appointment of a guardian ad litem for minor Plaintiff C.A. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202, or (b) appropriate evidence of the appointment of a representative for minor Plaintiff C.A. consistent with state law; and

2. Plaintiffs shall file either (a) a motion for minor Plaintiff C.A. to proceed pseudonymously in this action, or (b) a report demonstrating that such motion is not necessary.

IT IS SO ORDERED.

Dated:   **January 14, 2026**   _____

UNITED STATES MAGISTRATE JUDGE

3