UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL ALMEYDA, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:26-cv-00250-JLT-CDB<br><br>ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM FOR PLAINTIFF C.A.<br><br>(Docs. 6, 13)<br><br>ORDER DISCHARGING SHOW CAUSE ORDER<br><br>(Doc. 11) |

　　　　Pending before the Court is the motion of Plaintiffs Marisol Almeyda, Tony Scott, and C.A., by and through her purported guardian ad litem Marisol Almeyda (collectively, "Plaintiffs") for minor Plaintiff C.A. to proceed under pseudonym, filed on February 2, 2026. (Doc. 13). For the reasons set forth herein, the Court will grant Plaintiffs' motion.

**I.**　　**Background**

　　　　Plaintiffs initiated this action with the filing of a complaint against Defendants County of Kern ("County"), Logan Bebee, Nathan Lloyd, Daniel Pietrangelo, Ryan Smith, Erik Hallmark, Joanne Teel, Jackie Maxwell, Sabrina Neubauer, and Nicole Pockerandt (collectively, "Defendants") on January 12, 2026. (Doc. 1). Following review of Plaintiffs' complaint, which alleges that Plaintiff C.A. is a minor child and proceeds in this action by and through her mother and purported guardian ad litem, Plaintiff Marisol Almeyda, on January 14, 2026, the Court directed Plaintiffs to file by January 28, 2026, motions for the appointment of guardian ad litem for C.A. and a motion for C.A. to proceed in this action under

1

pseudonym or a report why such motions are unnecessary. (Doc. 6). On January 16, 2026, Plaintiffs filed a notice of errata, a motion to strike the complaint, and a declaration of counsel for Plaintiffs in support thereof with a lodged revised complaint attached thereto. (Doc. 7). On January 20, 2026, the Court granted Plaintiffs' construed motion to amend and directed the clerk of the Court to file Plaintiffs' proposed first amended complaint ("FAC") as a standalone filing on the docket as Plaintiffs' operative pleading. (Doc. 8); *see* (Doc. 9).

After Plaintiffs failed to file a motion to proceed under pseudonym, on January 29, 2026, the Court ordered Plaintiffs to show cause in writing why sanctions should not be imposed for their failure to comply with the Court's orders, or to comply in the alternative by filing by that same deadline either a motion for C.A. to proceed pseudonymously or a report indicating why such motion is unnecessary. (Doc. 11). On February 2, 2026, Plaintiffs filed the pending motion for C.A. to proceed under pseudonym. (Doc. 13).

II.     **Governing Authority**

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 5.2 provides that, unless the court orders otherwise, court filings involving minors must name the minor only by his initials. Fed. R. Civ. P. 5.2(a)(3).

The presumption that parties to a lawsuit will use their real names is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

### III.  Analysis

Plaintiff C.A., who is the minor child of Plaintiff Marisol Almeyda, seeks to proceed in this case using a pseudonym rather than her full name. (Doc. 13 at 2); *see* (Doc. 1 ¶¶ 7, 58); (Doc. 13-1, Declaration of Robert Powell ("Powell Decl.") ¶¶ 4, 5).

It is well established that minors may proceed in a suit anonymously and, absent court order to the contrary, must be named only by their initials in filings before the Court. *See* Fed. R. Civ. P. 5.2(a). Given the sensitive and highly personal nature of this action involving a minor plaintiff, the Court finds good cause to grant Plaintiffs' motion for minor Plaintiff C.A. to proceed pseudonymously in this action. *See id.*; Local Rule 140(a)(i); *Advanced Textile Corp.*, 214 F.3d at 1067; *e.g.*, *Doe by and through Doe v. Mariposa Cnty. Unified School District*, No. 1:24-cv-01033-BAM, 2024 WL 4133214, *1 (E.D. Cal. Sept. 10, 2024) (granting ex parte motion to proceed under pseudonym for minor plaintiff).

*Remainder of This Page Intentionally Left Blank*

IV. **Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiffs' motion to permit minor Plaintiff C.A. to proceed pseudonymously (Doc. 13) is GRANTED;
2. All parties and their counsel shall use the pseudonym "C.A." in place of Plaintiff C.A.'s legal name in all future pleadings and papers filed in this action;
3. The parties are prohibited from disclosing or publishing the true name of Plaintiff C.A. except by order of this Court and as necessary toward the litigation of this case; and
4. The Court's order to show cause (Doc. 11) is DISCHARGED.

IT IS SO ORDERED.

Dated: __**February 3, 2026**__                    _____
                                                                     UNITED STATES MAGISTRATE JUDGE