UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARISOL ALMEYDA, *et al.*,

        Plaintiffs,

    v.

COUNTY OF KERN, *et al.*,

        Defendants.

Case No. 1:26-cv-00250-JLT-CDB

ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO APPOINT GUARDIAN AD LITEM FOR MINOR PLAINTIFF C.A.

(Doc. 15)

Pending before the Court is the renewed motion of Plaintiffs Marisol Almeyda, Tony Scott, and C.A., by and through her purported guardian ad litem Marisol Almeyda (collectively, "Plaintiffs") to appoint guardian ad litem for minor Plaintiff C.A. pursuant to Federal Rule of Civil Procedure 17 and Local Rule 202, filed on February 5, 2026. (Doc. 15). For the reasons set forth herein, the Court will grant Plaintiffs' renewed motion for the appointment of guardian ad litem for C.A.

I.   **Background**

Plaintiffs initiated this action with the filing of a complaint against Defendants County of Kern ("County"), Logan Bebee, Nathan Lloyd, Daniel Pietrangelo, Ryan Smith, Erik Hallmark, Joanne Teel, Jackie Maxwell, Sabrina Neubauer, and Nicole Pockerandt (collectively, "Defendants") on January 12, 2026. (Doc. 1). Following review of Plaintiffs' complaint, which alleges that Plaintiff C.A. is a minor child and proceeds in this action by and through her mother and purported guardian ad litem, Plaintiff Marisol Almeyda, on January 14, 2026, the Court directed Plaintiffs to file motions for the appointment

1

of guardian ad litem for C.A. and a motion for C.A. to proceed in this action under pseudonym or a report why such motions are unnecessary.  (Doc. 6).  On January 16, 2026, Plaintiffs filed a notice of errata, a motion to strike the complaint, and a declaration of counsel for Plaintiffs in support thereof with a lodged revised complaint attached thereto.  (Doc. 7).  On January 20, 2026, the Court granted Plaintiffs' construed motion to amend and directed the clerk of the Court to file Plaintiffs' proposed first amended complaint ("FAC") as a standalone filing on the docket as Plaintiffs' operative pleading.  (Doc. 8); *see* (Doc. 9).

On January 29, 2026, the Court denied without prejudice Plaintiffs' initial motion to appoint guardian ad litem for minor Plaintiff C.A and ordered Plaintiffs to file a renewed motion that remedies the deficiencies noted in the Court's order.  (Doc. 12).

## II.  Governing Authority

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf.  Fed. R. Civ. P. 17(c).  A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  *Id*.  The capacity of an individual to sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  The Court may appoint a guardian ad litem to represent the minor's interests.  Cal. Code Civ. P. § 372(a).  To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality.  *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  A Court shall take whatever measures it deems appropriate to protect the interests of the

individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

### III.    Discussion

Plaintiffs request the Court appoint Plaintiff Marisol Almeyda as guardian ad litem for minor Plaintiff C.A. (Doc. 15 at 1). Ms. Almeyda declares that C.A. is her daughter. (Doc. 15-3, Declaration

of Marisol Almeyda ("Almeyda Decl.") ¶ 1).  Ms. Almeyda declares that she is a currently a homemaker residing with her partner Tony Scott and cares for her youngest daughter ("not C.A.").  *Id.* ¶ 2.  She declares that she is ready, willing, and able to serve as guardian ad litem for her daughter C.A. in this litigation, and that she believes she will more than adequately serve and protect their interests.  *Id.* ¶ 10. She declares that she is fully competent and qualified to understand and protect the rights of her child and that she has no interests adverse to C.A.'s interests.  *Id.* ¶ 11.  Ms. Almeyda further declares she understands the relationship she will have with counsel for Plaintiff as guardian ad litem, that she will have the same rights, responsibilities, and duties as would any client, and that she will have the obligation to determine whether any settlement with the minor is appropriate and reasonable.  *Id.* ¶ 12. She declares that she understands and agrees that she will receive no compensation for her efforts as guardian ad litem and further declares that she has no pending legal matters against her of any kind.  *Id.* ¶¶ 15, 16.

Counsel for Plaintiffs Robert R. Powell declares that although he will not divulge details of the retainer agreement between him and Plaintiffs from a monetary standpoint of any distribution of the proceeds of settlement for Plaintiffs at this stage of the proceedings, he has received "exactly zero compensation thus far in this litigation[,]" and he does not expect compensation in any amount in this matter unless there is a settlement or a verdict.  (Doc. 15-2, Declaration of Robert R. Powell ("Powell Decl.") ¶¶ 4(a)&(c)).  Counsel declares that he did not become involved in this matter or the underlying juvenile dependency matter at the insistence of any Defendant, nor does he have any relationship with any Defendant named in this matter.  *Id.* ¶ 4(b).  He declares that he represented Ms. Almeyda in the underlying juvenile dependency proceeding, which "explains how Ms. Almeyda and Plaintiffs' counsel 'met.'"  *Id.* ¶ 4(a).

The Court finds that the standards for the appointment of Ms. Almeyda have been met and that she is competent and qualified to serve as guardian ad litem for C.A.  *See* Local Rule 202(c).  Therefore, the Court shall grant the application to appoint Ms. Almeyda as guardian ad litem for C.A.

///

///

///

4

**IV.**     **Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1.  Plaintiffs' renewed motion for the appointment of guardian ad litem for minor Plaintiff C.A. (Doc. 15) is GRANTED;

2.  Marisol Almeyda is appointed to act as guardian ad litem for Plaintiff C.A. and is authorized to prosecute the action on C.A.'s behalf; and

3.  The Clerk of the Court is DIRECTED to update the docket to reflect the name of Marisol Almeyda as guardian ad litem for Plaintiff C.A.

IT IS SO ORDERED.

Dated:   __**February 6, 2026**__                      _____

UNITED STATES MAGISTRATE JUDGE