UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARISOL ALMEYDA, *et al.*, | Case No. 1:26-cv-00250-JLT-CDB |
| Plaintiffs, | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDERS |
| v. | |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | ORDER CONTINUING APRIL 15, 2026, SCHEDULING CONFERENCE |
| | (Doc. 5) |
| | **7-Day Deadline** |

**Relevant Background**

Plaintiffs Marisol Almeyda, Tony Scott, and C.A., by and through her guardian ad litem Marisol Almeyda (collectively, "Plaintiffs") initiated this action with the filing of a complaint against Defendants County of Kern ("County"), Logan Bebee, Nathan Lloyd, Daniel Pietrangelo, Ryan Smith, Erik Hallmark, Joanne Teel, Jackie Maxwell, Sabrina Neubauer, and Nicole Pockerandt (collectively, "Defendants") on January 12, 2026. (Doc. 1). On January 20, 2026, the Court granted Plaintiffs' construed motion to amend, directed the Clerk of the Court to strike Plaintiffs' original complaint (Doc. 1) and docket the first amended complaint (Doc. 9) as Plaintiffs' operative pleading. (Doc. 8).

On January 13, 2026, the Clerk of the Court issued summons for service upon Defendants

1

and the Court entered an order setting a mandatory scheduling conference for April 15, 2026. (Docs. 3–5).  The Court's order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service."  (Doc. 5 at 1).  The order further advised Plaintiffs that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants."  *Id*.

Notwithstanding the Court's order, to date, Plaintiffs have not filed proofs of service and no Defendants have appeared in the action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides:  "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.  *See also* Fed. R. Civ. P. 4(i) (serving the United States and its agencies, corporations, officers, or employees).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within **seven (7) days** of entry of this order, Plaintiffs SHALL show cause in writing why sanctions should not be imposed—including dismissal of any unserved Defendant or this action in its entirety—for Plaintiffs' failure to promptly serve the summons and complaint in compliance with the Court's order.  Plaintiffs may comply with this order in the alternative by filing summonses returned executed for all Defendants by that same deadline.

As Defendants have not filed a responsive pleading or otherwise appeared, to permit time for pleadings to settle, IT IS FURTHER ORDERED that the scheduling conference previously set

for April 15, 2026 (Doc. 5) is CONTINUED to **May 14, 2026, at 9:30 AM**.

IT IS SO ORDERED.

Dated:   **April 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3