UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL ALMEYDA, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:26-cv-00250-JLT-CDB<br><br>ORDER DISCHARGING APRIL 3, 2026, ORDER TO SHOW CAUSE<br><br>(Doc. 20)<br><br>ORDER GRANTING *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVICE OF PROCESS<br><br>(Doc. 31)<br><br>**April 28, 2026, Deadline**<br><br>ORDER CONTINUING MAY 14, 2026, SCHEDULING CONFERENCE<br><br>(Docs. 5, 20) |

**Relevant Background**

Plaintiffs Marisol Almeyda, Tony Scott, and C.A., by and through her guardian ad litem Marisol Almeyda (collectively, "Plaintiffs") initiated this action with the filing of a complaint against Defendants County of Kern ("County"), Logan Bebee, Nathan Lloyd, Daniel Pietrangelo, Ryan Smith, Erik Hallmark, Joanne Teel, Jackie Maxwell, Sabrina Neubauer, and Nicole Pockerandt (collectively, "Defendants") on January 12, 2026. (Doc. 1).  On January 20, 2026, the Court granted Plaintiffs' construed motion to amend, directed the Clerk of the Court to strike

1

Plaintiffs' original complaint (Doc. 1) and docket the first amended complaint (Doc. 9) as Plaintiffs' operative pleading.  (Doc. 8).

On January 13, 2026,  the Clerk of the Court issued summons for service upon Defendants and the Court entered an order setting a mandatory scheduling conference for April 15, 2026. (Docs. 3–5).  The Court's order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service."  (Doc. 5 at 1).  The order further advised Plaintiffs that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants."  *Id*.

After Plaintiffs failed to filed proofs of service and no Defendants appeared in the action, on April 3, 2026, the Court ordered Plaintiffs to show cause ("OSC") in writing why sanctions should not be imposed— including dismissal of any unserved Defendant or this action in its entirety—for Plaintiffs' failure to promptly serve the summons and complaint in compliance with the Court's order.  (Doc. 20).  Plaintiffs were permitted to comply with the order in the alternative by filing summonses returned executed for all Defendants by that same deadline.  *Id.* at 2.

On April 10, 2026, Plaintiffs filed summonses returned executed for Defendants County of Kern, Sabrina Neubauer, Daniel Pietrangelo, Erik Hallmark, Jackie Maxwell, Logan Bebee, Nathan Lloyd, Nicole Pockerandt, and Ryan Smith.  (Docs. 22-30).

**Discussion**

Pending before  the Court is Plaintiffs' response to the OSC (Doc. 31) and *ex parte* request for an extension of time to serve Defendant Joanne Teel, filed on April 10, 2026.  Counsel for Plaintiffs represents that only Defendant Joanne Teel remains unserved, and that Plaintiffs suspect there may a a challenge by Defendants Pockerandt and Maxwell as to service.  *Id.* at 1-2.  Plaintiffs attach the declaration of Dustin Knopp in which Mr. Knopp attests to serving seven of the nine Defendants and that he speaks to "a degree of recalcitrance and possible 'avoidance' of service" by Defendants.  *Id.* at 2; *see* (Doc. 31-1, Declaration of Dustin Knopp ("Knopp Decl.")).  Counsel for Plaintiffs represents that Selena Escoto of the County of Kern explained that "the way to serve a DHS employee was to 'serve our paralegals'" and thereafter, Mr. Knopp was instructed to complete substituted service on April 10, 2026. *Id.* at 3.  Plaintiffs request the Court (1) not dismiss

any Defendant at this time and to not impose sanctions against counsel for Plaintiffs, (2) allow 14 additional days for Plaintiffs to seek cooperation from the County of Kern on behalf of its Defendant employees and any former employee to either execute a waiver of service of summons or be served by Plaintiffs without such cooperation, and (3) if any service issues remain for any Defendants, to allow five additional days thereafter to file a motion to allow service by publication for any unserved Defendants. *Id.* at 6.

In light of Plaintiffs' representations in response to the Court's OSC, the Court concludes that counsel's conduct cited in the OSC is the result of excusable neglect. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Accordingly, the Court will discharge its April 3, 2026, order to show cause (Doc. 20).

With respect to service, where a plaintiff fails to serve a defendant within 90 days after the complaint is filed, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss the action or order that service be made within a specified time upon a showing by the plaintiff of "good cause" for the delay. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Here, based on counsel for Plaintiffs' attestations and efforts in attempting to serve Defendant Teel and to address possible challenges of non-service by Defendants Pockerandt and Maxwell, the Court finds good cause to extend the time under Rule 4(m) to effect service on Defendants to April 28, 2026.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's order to show cause (Doc. 20) is DISCHARGED;

2. Pursuant to Fed. R. Civ. P. 4(m), no later than **April 28, 2026**, Plaintiffs SHALL FILE summons returned executed as to Defendant Teel and any remaining unserved Defendants; and

///

///

///

///

3

3.  The May 14, 2026, scheduling conference (Docs. 5, 20) is reset to **June 4, 2026, at 10:00 AM** before Magistrate Judge Christopher D. Baker. The parties are reminded of their obligation to file a joint scheduling report at least one week prior to the conference. (Doc. 5).

IT IS SO ORDERED.

Dated:    **April 14, 2026**

UNITED STATES MAGISTRATE JUDGE